**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN T. REED,

    Plaintiff,

    v.

JAMES ALVIN PETERSON, an individual doing business as Coaches Choice; and JOHN STERNER, an individual,

    Defendants.
_____/

No. C04-00228   WWS

**MEMORANDUM OPINION AND ORDER**

    Defendants James Alvin Peterson and John Sterner move for dismissal under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56, of Plaintiff John T. Reed's claims against Defendants for copyright infringement and unfair competition.  The Court, having considered the papers filed by the

parties[1] and heard argument, grants Defendants' motion for summary judgment on Plaintiff's copyright infringement and state law unfair competition claims.

## BACKGROUND

The relevant facts of the case are undisputed. Plaintiff authored and published a reference book entitled "Football Clock Management." Plaintiff's book instructs players and coaches regarding various offensive and defensive strategies and tactics for managing time during a football game. The book describes, inter alia, how and when to effectively: (1) slow-down or speed-up offensive pace; (2) use timeouts; (3) take a knee; (4) take a safety; (5) decline a penalty; (6) give up a deliberate touchdown; and (7) go for the win or tie. The book also includes numerous "case history" descriptions of professional, collegiate, and high school football games, as well as ideas for practicing clock management skills. Defendants subsequently authored and published a competing book entitled "The Football Coaches' Guide to Clock Management" on the same topic. Plaintiff claims copyright infringement and unfair competition, and seeks injunctive relief, damages and attorney's fees and costs.

At a prior hearing on Defendants' motion to dismiss, the Court (White, J.) determined that both Plaintiff's and Defendants' works are factual or functional works and that they would accordingly be entitled to narrow copyright protection. The Court granted Defendants leave to file a supplemental brief explicitly addressing dismissal of Plaintiff's unfair competition claim, which they did not address in their original motion to dismiss. The Court granted Plaintiff additional time to file a supplemental brief explicitly identifying instances of verbatim

---

[1] Both parties have, on separate occasions, submitted untimely filings. Plaintiff's Supplement to Plaintiff's Opposition to Defendant's Motion to Dismiss, though late, was apparently completed and mailed before the deadline and, but for a mistake of the mail carrier, would have been timely filed. Exs. A, B to Pl.'s Opp. to Defs.' Mot. to Strike or Dismiss. The Defendants filed an untimely Reply to Plaintiff's Opposition to Defendants' Supplemental Motion to Dismiss due to a misunderstanding and defense counsel's inability to access an order of the Court establishing a deadline for Defendants' Reply Brief. Defs.' Brief in Opp'n to Pl.'s Surreply and Mot. to Consider Untimely Reply Brief. The Court, applying the factors enunciated in *Pioneer Investment. Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), finds: (1) there was no prejudice; (2) the length of delay in each instance was small; (3) the reason for the delays was carelessness; and (4) there was no evidence of bad faith. *See Pincay v. Andrews*, 389 F.3d 853, 855-57 (9th Cir. 2004) (en banc) (affirming district court's finding of excusable neglect based on application of *Pioneer* factors). The Court has therefore considered all of the papers filed by the parties in reaching its decision.

1   reproduction or substantially similar portions of Plaintiff's copyrightable expression by
2   Defendants. Briefing by the parties is now complete.

### LEGAL STANDARD

"[Summary] judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c). Summary judgment shall be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the record could not lead a rational trier of fact to find for the nonmoving party, there is no issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"No special standard is applied in determining whether summary judgment is appropriate on the issue of substantial similarity of expression in a copyright case." *See v. Durang*, 711 F.2d 141, 142 (9th Cir. 1983). A court's grant of summary judgment on copyright claims "is appropriate if 'the court concludes that no reasonable jury could find substantial similarity of both ideas and expression between the works at issue.'" *Aliotti v. Dakin & Co.*, 831 F.2d 898, 900 (9th Cir. 1987) (quoting *Frybarger v. Int'l Bus. Machs. Corp.*, 812 F.2d 525, 528 (9th Cir. 1987)).

### DISCUSSION

**I.   JURISDICTION**

This action arises under the Copyright Act, 17 U.S.C. §§ 501-505. The Court has original and exclusive jurisdiction over Plaintiff's copyright claim under 28 U.S.C. §§ 1331 and 1338(a). The Court has original jurisdiction over Plaintiff's state law unfair competition claim under 28 U.S.C. § 1338(b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**II.   COPYRIGHT INFRINGEMENT**

"To prove copyright infringement, the plaintiff must show (1) ownership of the copyright, (2) access to the copyrighted work, and (3) substantial similarity between the

copyrighted work and the defendant's work." *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984) (citing *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir. 1977)). The parties do not dispute the first two elements, and they agree that this case centers on the third element: substantial similarity.

The Ninth Circuit employs a two-part analysis – an extrinsic test and an intrinsic test – to determine whether two works are substantially similar. *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (citing *Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir. 1990)). The extrinsic test considers whether two works share a similarity of ideas and expression as measured by external, objective criteria. *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004). The intrinsic test measures substantial similarities in expression from the standpoint of the ordinary reasonable observer. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442-43 (9th Cir. 1994) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1475 (9th Cir.), *cert. denied*, 506 U.S. 869 (1992); *Shaw*, 919 F.2d at 1357). For purposes of summary judgment, only the extrinsic test is important. *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). A plaintiff avoids summary judgment by satisfying the extrinsic test which makes similarity of the works a triable issue of fact. In contrast, a plaintiff who fails to satisfy the extrinsic test necessarily loses on summary judgment because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests. *Id.* (citing *Brown Bag*, 960 F.2d at 1477); *see also Swirsky*, 376 F.3d at 845 (same); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (same).

The extrinsic test requires "analytic dissection," or breaking the works down to their constituent elements and comparing those elements for proof of copying. *Swirsky*, 376 F.3d at 845. The comparison for substantial similarity only applies to protectable elements of a work. *Id.*; *Cavalier*, 297 F.3d at 822-23 (citing *Shaw*, 919 F.2d at 1361); *Apple*, 35 F.3d at 1443 (citing *Brown Bag*, 960 F.2d at 1475-76). The Court must therefore determine the scope of copyright protection before considering the works. *Apple*, 35 F.3d at 1443 (citing *Brown Bag*, 960 F.2d at 1475-76).

4

*A.     Scope of Copyright Protection*

It is axiomatic that copyright protects only an author's expression of an idea and not the idea itself. *Landsberg v. Scrabble Crossword Game Players*, 736 F.2d 485, 488 (9th Cir. 1984) (citing 17 U.S.C. § 102(b); *Mazer v. Stein*, 347 U.S. 201, 217-18 (1954)). There is a strong policy permitting free use of ideas contained in a copyrighted work so long as copyrighted expression is not appropriated. *Landsberg*, 736 F.2d at 488; *see also Apple*, 35 F.3d at 1443 ("[S]imilarities derived from the use of common ideas cannot be protected; otherwise, the first to come up with an idea will corner the market.").

The degree of substantial similarity required to show infringement varies according to the type of work and the ideas expressed in it. *Landsberg*, 736 F.2d at 488. Fictional works can be expressed in many different ways; for that reason, two fictional works might have numerous differences but still be held to be substantially similar. *Id.* Conversely, authors of factual or functional works often have only a narrow range of expression from which to choose in expressing their ideas. *Id.; see also Apple*, 35 F.3d at 1446 (citing *McCulloch v. Albert E. Price, Inc.*, 823 F.2d 316, 321 (9th Cir. 1987), and noting the contrast between artistic works and factual works, the latter having many unprotectable elements and very little protectable expression). Therefore, "similarity of expression may have to amount to verbatim reproduction or very close paraphrasing before a factual work will be deemed infringed." *Landsberg*, 736 F.2d at 488*; see also Apple*, 35 F.3d at 1447 (discussing the "thin" protection afforded to factual works).

Plaintiff has identified the sources of alleged similarity by submitting a list of particular portions of Defendants' work that are allegedly similar to portions found in Plaintiff's work.[2] Plaintiff submitted twenty-one examples, all coming from the first thirty-one pages of Plaintiff's book, of alleged infringement by Defendants. The Court may appropriately rely on such a list in identifying similarities, determining their source, and deciding which elements are protectable. *See Apple*, 35 F.3d at 1443.

---

[2]Plaintiff submitted twenty-one specific examples of alleged substantial similarity in his Supplement to Plaintiff's Opposition to Defendants' Motion to Dismiss.

5

In his first, second, eighth, and twenty-first examples, Plaintiff appears to be claiming a copyright in the words "tempo" and "handicapping," and the phrase "take-a-knee." Plaintiff essentially argues that Defendants cannot use those terms in their book when discussing certain aspects of clock management because Plaintiff uses them in his book. Such terms, however, are not copyrightable, and Plaintiff cannot claim authorship of them. *See* 37 C.F.R. § 202.1(a) (stating that words and short phrases are not subject to copyright).

In his twelfth example, Plaintiff apparently claims a copyright in the use of principles and rules as a method of instruction on the issue of clock management. Plaintiff claims Defendants' use of bulleted or boxed rules infringes on Plaintiff's method of using italicized or numbered rules to teach clock management. Plaintiff, however, cannot claim copyright in a method or system such as the use of principles or rules in instructing on a certain topic, or the use of certain symbols or fonts to set forth those rules. 37 C.F.R. § 202.1(b) (stating that symbols, designs, lettering, methods, and systems are not copyrightable).

The remainder of Plaintiff's examples all involve Plaintiff's and Defendants' expression of ideas or facts such as: (1) the reasons for owners' and coaches' reluctance to use clock management skills; (2) the fact that strategies for effective clock management differ depending on whether one's team is expected to win or lose the game; (3) the speed at which teams operate or should operate their offense; (4) the time lapse between plays; (5) the time it takes to kick a field goal; (6) the fact that any time not used by one team will end up being used by the other team; and (7) how wind may factor into clock management.

Ideas are not protected by copyright law, *Landsberg*, 736 F.2d at 488; 37 C.F.R. § 202.1(b), and similarities derived from the use of these common ideas cannot be protected or else Plaintiff would have a monopoly on nearly every discussion of football clock management. *See Apple*, 35 F.3d at 1443. Plaintiff correctly argues that original selection, arrangement, and expression of otherwise uncopyrightable components, such as the ideas described above, may be protectable. *Apple*, 35 F.3d at 1445 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348-51 (1991)). However, as discussed previously, the ideas expressed in factual or functional works often can only be expressed in a limited number of ways (for example, there

6

are only few ways to explain that it is desirable to extend the amount of time one's team plays with the wind at its back). Because Plaintiff's book is a functional work that discusses many unprotectable facts and ideas concerning clock management, the work is entitled only to "thin" copyright protection, and Plaintiff's infringement claim must rest on the copying of Plaintiff's unique selection, arrangement, and expression of such facts and ideas. *See Apple*, 35 F.3d at 1443, 1446. The similarity of expression required before Plaintiff's work will be deemed infringed must amount to "verbatim reproduction or very close paraphrasing." *Landsberg*, 736 F.2d at 488.

   B.   *Comparing the Works*

Examining and comparing Plaintiff's and Defendants' works, the Court determines that Defendants' work neither reproduces Plaintiff's work verbatim nor very closely paraphrases it. None of Plaintiff's examples of infringement show verbatim reproduction or close paraphrasing, and the examples are representative of Plaintiff's and Defendants' entire works. Although the ideas discussed are similar, the expression is sufficiently different to avoid a claim of infringement.[3]

Certainly, Plaintiff's and Defendants' works address many of the same principles and ideas encompassed within the topic of football clock management, such as how to run a fast or slow offense and the reasons for doing so, and other specific skills that relate to football time management. But this is a necessary result since both books seek to instruct on the essential elements of clock management. There is no more similarity than must inevitably be produced by anyone wishing to discuss the unprotectable ideas concerning clock management contained in Plaintiff's work. *Landsberg*, 736 F.2d at 489. Such similarities are acceptable as long as the works express those principles and ideas in different ways. *Landsberg*, 736 F.2d at 488.

Some uniformity in arrangement of clock management principles seems unavoidable; for example, it seems logical that a discussion on clock management tips for the start of a football game would precede a discussion on tips for the end of the game. However, it appears that,

---

[3]Many of Plaintiff's arguments in his examples hinge on the fact that Defendants' bad grammar or poor sentence construction indicates masking of illicit copying. However, without any showing of reproduced passages or close paraphrasing, Defendants' poor writing skills cannot support Plaintiff's copyright claim.

contrary to Plaintiff's claims of copying, Defendants have expressed the ideas of clock management in text, diagrams, and arrangement as different as possible from Plaintiff's expression. Plaintiff's book is approximately 233 pages long, while Defendants' book is only 88 pages long. Exs. A, F to Compl. While both works contain tables and charts to convey statistics and other information, Plaintiff's work contains numerous diagrams of play formations and field positions to aid in his instruction of clock management. Ex. A at 18, 19, 67, 71, 90, 96, 125, 140, 141, 142, 173, 179, 188, 211, 212, 214. Defendants' work, on the other hand, contains only one diagram of field position. Ex. F at 27. Plaintiff's work begins with an overview of football clock management and a number of case histories, Ex. A at 1-22, while Defendants' work begins with a chapter comparing clock management in football to clock management in basketball. Ex. F at 10. Defendants' work addresses the reasons for running a slow-down or a hurry-up offense and how to operate such offenses in consecutive chapters, which make up most of their work, and finishes with chapters on taking a knee; the symbiosis of offense, defense and special teams; and how to practice clock management skills. Ex. F. In contrast, Plaintiff's work contains chapters on time management before halftime and at the end of the game, using timeouts, and penalties, before addressing the topic of slow-down offense in chapter eight. Plaintiff then discusses taking a knee, avoiding turnovers, and Hail Marys, among other things, before finally addressing hurry-up offense in chapter fifteen. Plaintiff's work finishes with chapters on spiking, laterals, special teams, practicing clock management skills, and a set of rules. Ex. A.

Although both works discuss clock management, Defendants' work does not duplicate the copyrightable selection, arrangement, or manner in which the ideas of clock management are expressed in Plaintiff's work. To hold that Defendants' work infringes Plaintiff's work would in effect give Plaintiff a copyright on any general ideas of football clock management discussed in his works, and would make it difficult for anyone to address those topics without also being held to have infringed. *See Landsberg*, 736 F.2d at 489.

*C. Conclusion*

Because Plaintiff has failed to satisfy the extrinsic test by making a sufficient showing that the works at issue are substantially similar, summary judgment is appropriate. *Kouf*, 16 F.3d at 1045; *Brown Bag*, 960 F.2d at 1472 (citing *Frybarger*, 812 F.2d at 528).

**III. UNFAIR COMPETITION**

Plaintiff's complaint alleges a state law unfair competition claim in addition to the federal copyright infringement claim.[4] A state law cause of action is preempted by the federal Copyright Act if: (1) the rights that a plaintiff asserts under state law are "rights that are equivalent" to those protected by the Copyright Act; and (2) the work involved falls within the "subject matter" of the Copyright Act. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998) (citing 17 U.S.C. §§ 102, 103, 301(a)).

*A. Equivalent Rights*

Plaintiff alleges in his complaint that "Defendants have been reproducing, distributing, promoting, and offering for sale illegal and unauthorized copies of [Plaintiff's works] and have thereby been engaging in unfair trade practices and unfair competition against Plaintiff." Compl. at 5. However, the only allegation that might give rise to such a claim is that Defendants authored and published a book so similar to Plaintiff's book that their actions constitute copyright infringement. Plaintiff's complaint appears to allege that, because of such infringement, Defendants' reproduction, distribution, promotion, and offering of Defendants' work amounts to unfair trade practices and unfair competition. Thus, Plaintiff's unfair competition claim is based on the same rights as those protected by the federal copyright laws. *See Kodadek*, 152 F.3d at 1213 (holding that an unfair competition claim was based on rights

---

[4] Plaintiff uses the terms "unfair trade practices" and "unfair competition," but nowhere in the complaint does Plaintiff cite to any state or federal law creating a cause of action. The Court construes this claim as a state law claim because Plaintiff asserts that this Court has jurisdiction over his action under 28 U.S.C. § 1338(b) (conferring federal jurisdiction over nonfederal unfair competition claims brought with actionable federal copyright claims), and under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (conferring federal jurisdiction over state claims related to the underlying federal claims). Plaintiff's briefs also indicate the claim is a state law claim. *See* Pl.'s Opp'n to Defs.' Supp. Mot. to Dismiss at 5 (citing cases regarding and arguing against federal preemption of state law claims).

equivalent to those protected by the copyright laws where the complaint alleged unfair competition due to publication and distribution of copyrighted material).

### B. Copyrightable Subject Matter

The parties do not dispute that Plaintiff's book contains wholly original material that is copyrightable subject matter under the federal copyright laws. *See* 17 U.S.C. §§ 102, 103.

### C. Preemption

Because both prongs of the preemption analysis are met, Plaintiff's state law unfair competition claim is preempted. 17 U.S.C. § 301(a); *Kodadek*, 152 F.3d at 1213; *see also Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1550-51 (N.D. Cal. 1990) (holding preempted a state law unfair competition claim based on plaintiff's allegation that defendants unlawfully copied plaintiff's work and sold it as defendant's work).

## IV. ATTORNEY'S FEES & COSTS

The Court may award attorney's fees and costs to the prevailing party in a copyright infringement suit. 17 U.S.C. § 505. Such an award is left to the Court's discretion, although prevailing plaintiffs and prevailing defendants must be treated alike for the purposes of awarding fees under the statute. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 522-25 (1994). The Court's discretion in awarding fees should be guided by the considerations set forth by the Supreme Court. *Id.* at 534. A list of nonexclusive factors in determining whether fees should be awarded include: (1) frivolousness; (2) motivation; (3) objective unreasonableness (in both the factual and legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence. *Id.* at 534 n.19. A showing of bad faith or frivolous conduct is not required. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996).

The Court finds that Plaintiff's copyright claim, while weak, was neither frivolous nor motivated by anything other than Plaintiff's desire to gain the protection of his copyrighted work that he believed he was entitled to. Plaintiff's legal and factual arguments were not objectively unreasonable, and the Court finds no special need for deterrence in this case. It appears that Plaintiff's action was merely based in part on an erroneous understanding of the extent of

copyright protection and in part "upon that obsessive conviction, so common among authors and composers, that all similarities between their works and any others which appear later must inevitably be ascribed to plagiarism." *Litchfield*, 736 F.2d at 1358 (quoting *Dellar v. Samuel Goldwyn, Inc.*, 150 F.2d 612, 613 (2d Cir. 1945), *cert. denied*, 327 U.S. 790 (1946)).

## CONCLUSION

The Court therefore **GRANTS** Defendants' motion for summary judgment on Plaintiff's claim for copyright infringement, due to the lack of substantial similarity, and on Plaintiff's state law claim for unfair competition because that claim is preempted by the federal Copyright Act. The Court **DENIES** Defendants' request for attorney's fees and costs.

**IT IS SO ORDERED.**

Dated:  June 27, 2005

/s/
WILLIAM W SCHWARZER
SENIOR UNITED STATES DISTRICT JUDGE